UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

**CASE NO. 0:24-cv-61939-LEIBOWITZ**

| | |
|---|---|
| PHILIP SERPE<br><br>                       Plaintiff,<br><br>v.<br><br>FEDERAL TRADE COMMISSION, ET AL.<br><br>                    Defendants. | **ANSWER OF DEFENDANT, HORSERACING INTEGRITY AND SAFETY AUTHORITY, INC.** |

Defendant, Horseracing Integrity and Safety Authority, Inc. (the "Authority" or "Defendant"), by and through counsel, states as follows for its Answer to Plaintiff's Complaint (the "Complaint"):

**<u>INTRODUCTION</u>**

1.     Defendant denies the allegations contained in paragraph 1 of the Complaint.

2.     In response to the allegations contained in paragraph 2 of the Complaint regarding the nature of Plaintiff's claims herein, Defendant states that the Complaint speaks for itself and denies any allegations that are inconsistent therewith.  The remaining allegations contained in paragraph 2 of the Complaint are denied.

3.     Defendant denies that the Plaintiff is entitled to the relief alleged in paragraph 3 of the Complaint and, therefore, denies the allegations contained in paragraph 3 of the Complaint.

<u>**PARTIES, JURISDICTION, AND VENUE**</u>

4.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 4 of the Complaint and therefore denies the allegations contained in paragraph 4 of the Complaint.

5.      Defendant admits the allegations contained in paragraph 5 of the Complaint.

6.      In response to the allegations contained in paragraph 6 of the Complaint, Defendant states that the Federal Trade Commission is a federal agency based in Washington, D.C. Defendant further states that, in accordance with the Horseracing Integrity and Safety Act (the "Act"), the Federal Trade Commission exercises oversight and control over the Authority. The remaining allegations contained in paragraph 6 of the Complaint are denied.

7.      Defendant states that the allegations contained in paragraph 7 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief herein.

8.      In response to the allegations contained in paragraph 8 of the Complaint, Defendant denies that Plaintiff is suffering any harm as a result of the claims asserted against the Defendant in the Complaint and, therefore, denies that Plaintiff is entitled to the requested injunctive relief or declaratory judgment.  The remaining allegations contained in paragraph 8 of the Complaint state legal conclusions to which no response is required.

<u>**FACTS**</u>

9.      In response to the allegations contained in paragraph 9 of the Complaint, Defendant states that, on or about December 22, 2020, the United States House of Representatives and United States Senate passed the Horseracing Integrity and Safety Act (the "Act"), which was signed into law by President Donald Trump on December 27, 2020.  Defendant further states that the Act

speaks for itself and denies any allegations contained in paragraph 9 of the Complaint that are inconsistent therewith. The remaining allegations contained in paragraph 9 of the Complaint are denied.

10.     In response to the allegations in paragraph 10, Defendant states that the Act recognizes the Horseracing Integrity and Safety Authority, Inc., a "private, independent, self-regulatory, nonprofit corporation . . . for purposes of developing and implementing a horseracing anti-doping and medication control program and a racetrack safety program for covered horses, covered persons, and covered horseraces." 15 U.S.C. § 3052(a). Defendant further states that the Act speaks for itself and denies any allegations contained in paragraph 10 of the Complaint that are inconsistent therewith. The remaining allegations contained in paragraph 10 of the Complaint are denied.

11.     In response to the allegations in paragraph 11, Defendant states that the Act speaks for itself and denies any allegations contained in paragraph 11 of the Complaint that are inconsistent therewith. The remaining allegations in paragraph 11 of the complaint are denied.

12.     In response to the allegations contained in paragraph 12 of the Complaint, Defendant admits that it is a private organization subject to oversight and control by the Federal Trade Commission. Defendant denies the remaining allegations contained in paragraph 12 of the Complaint.

13.     In response to the allegations contained in paragraph 13 of the Complaint, Defendant denies the allegations contained in paragraph 13 of the Complaint.

14.     In response to the allegations contained in paragraph 14 of the Complaint, Defendant denies the allegations contained in paragraph 14 of the Complaint.

15.     In response to the allegations contained in paragraph 15 of the Complaint, Defendant states that its Anti-Doping and Medication Control Program ("ADMC Program") was established in accordance with the Act and the rules comprising the ADMC Program, which were approved by the Federal Trade Commission, are contained in HISA Rule 3000 Series, Rule 4000 Series, Rule 5000 Series, Rule 6000 Series, and Rule 7000 Series.

16.     In response to the allegations contained in paragraph 16 of the Complaint, Defendant states that HISA Rule 3111 speaks for itself and denies any allegations that are inconsistent therewith.

17.     In response to the allegations contained in paragraph 17 of the Complaint, Defendant admits that the Plaintiff is alleged to have violated HISA Rule 3112, Presence of a Banned Substance, with respect to Clenbuterol. Defendant further states that Clenbuterol is designated as a S7 Controlled Medication Substance when prescribed by a veterinarian (in the context of a valid veterinarian-patient-client relationship) and the other requirements of HISA Rule 4114(b) are satisfied; otherwise, Clenbuterol is designated as a Banned Substance under the ADMC Program.

18.     In response to the allegations contained in paragraph 18 of the Complaint, Defendant states that HISA Rule 3212 and the Act speak for themselves and denies any allegations contained in paragraph 18 of the Complaint that are inconsistent therewith.

19.     In response to the allegations contained in paragraph 19 of the Complaint, Defendant states that HISA Rule 3212 and the Act speak for themselves and denies any allegations contained in paragraph 19 of the Complaint that are inconsistent therewith.

20.     Defendant denies the allegations contained in paragraph 20 of the Complaint.

21.     In response to the allegations contained in paragraph 21 of the Complaint, Defendant states that HISA Rule 3212 speaks for itself and denies any allegations that are inconsistent therewith.

22.     In response to the allegations contained in paragraph 22 of the Complaint, Defendant states that the ADMC Program speaks for itself and denies any allegations that are inconsistent therewith.

23.     In response to the allegations contained in paragraph 23 of the Complaint, Defendant states that the ADMC Program speaks for itself and denies any allegations that are inconsistent therewith.

24.     Defendant denies the allegations contained in paragraph 24 of the Complaint.

25.     In response to the allegations contained in paragraph 25 of the Complaint, Defendant states that the Act speaks for itself and denies any allegations that are inconsistent therewith.

26.     Defendant denies the allegations contained in paragraph 26 of the Complaint.

27.     The allegations contained in paragraph 27 of the Complaint state legal conclusions to which no response is required.

28.     In response to the allegations contained in paragraph 28 of the Complaint, Defendant admits that it has not initiated an enforcement action in federal district court and all violations of the ADMC Program have been adjudicated in accordance with the HISA Rule 7000 Series.  The remaining allegations contained in paragraph 28 of the Complaint state legal conclusions to which no response is required.

29.     In response to the allegations contained in paragraph 29 of the Complaint, Defendant admits that it entered into an agreement with Drug Free Sport International ("DFSI"),

to "serve as the independent anti-doping and medication control enforcement organization" for the Authority's ADMC Program. 15 U.S.C. § 3054(e)(1)(E)(i). Defendant further admits that DFSI established the Horseracing Integrity & Welfare Unit ("HIWU") to serve as the ADMC enforcement agency for the Defendant. The remaining allegations contained in paragraph 29 of the Complaint are denied.

30.     In response to the allegations contained in paragraph 30 of the Complaint, Defendant admits that HIWU is responsible for enforcement of alleged violations of the ADMC Program, subject to oversight by the Federal Trade Commission.  In response to the remaining allegations contained in paragraph 30 of the Complaint, Defendant states that the Act speaks for itself and denies any allegations that are inconsistent therewith.

31.     In response to the allegations contained in paragraph 31 of the Complaint, Defendant states that HISA Rule 7020 and HISA Rule 7030 speak for themselves and denies any allegations that are inconsistent therewith.

32.     Defendant denies the allegations contained in paragraph 32 of the Complaint.

33.     In response to the allegations contained in paragraph 33 of the Complaint, Defendant states that the Rule 7000 Series (Arbitration Procedures), which was established in accordance with the Act and approved by the Federal Trade Commission, speaks for itself and denies any allegations that are inconsistent therewith.

34.     Defendant denies the allegations contained in paragraph 34 of the Complaint.

35.     In response to the allegations contained in paragraph 35 of the Complaint, Defendant states that the Rule 7000 Series (Arbitration Procedures), which was established in accordance with the Act and approved by the Federal Trade Commission, speaks for itself and denies any allegations that are inconsistent therewith.

36.     In response to the allegations contained in paragraph 36 of the Complaint, Defendant states that the Rule 7000 Series (Arbitration Procedures), which was established in accordance with the Act and approved by the Federal Trade Commission, speaks for itself and denies any allegations that are inconsistent therewith.

37.     In response to the allegations contained in paragraph 37 of the Complaint, Defendant states that the Rule 7000 Series (Arbitration Procedures), which was established in accordance with the Act and approved by the Federal Trade Commission, speaks for itself and denies any allegations that are inconsistent therewith.

38.     In response to the allegations contained in paragraph 38 of the Complaint, Defendant states that the Rule 7000 Series (Arbitration Procedures), which was established in accordance with the Act and approved by the Federal Trade Commission, speaks for itself and denies any allegations that are inconsistent therewith.

39.     In response to the allegations contained in paragraph 39 of the Complaint, Defendant states that the Rule 7000 Series (Arbitration Procedures), which was established in accordance with the Act and approved by the Federal Trade Commission, speaks for itself and denies any allegations that are inconsistent therewith.

40.     Defendant states that the allegations contained in paragraph 40 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 40 of the Complaint.

41.     Defendant denies the allegations contained in paragraph 41 of the Complaint.

42.     In response to the allegations contained in paragraph 42 of the Complaint, Defendant states that the Act and Rule 3121, which were established in accordance with the Act

and approved by the Federal Trade Commission, speak for themselves and denies any allegations that are inconsistent therewith.

43.     In response to the allegations contained in paragraph 43 of the Complaint, Defendant states that the Act and Rule 3122, which was established in accordance with the Act and approved by the Federal Trade Commission, speak for themselves and denies any allegations that are inconsistent therewith.

44.     In response to the allegations contained in paragraph 44 of the Complaint, Defendant states that the Act and the Rule 6000 Series, which was established in accordance with the Act and approved by the Federal Trade Commission, speak for themselves and denies any allegations that are inconsistent therewith.

45.     In response to the allegations contained in paragraph 45 of the Complaint, Defendant states that the Act and Rule 6000 Series, which was established in accordance with the Act and approved by the Federal Trade Commission, speak for themselves and denies any allegations that are inconsistent therewith.

46.     In response to the allegations contained in paragraph 46 of the Complaint, Defendant states that the Act and Rule 6000 Series, which was established in accordance with the Act and approved by the Federal Trade Commission, speak for themselves and denies any allegations that are inconsistent therewith.

47.     In response to the allegations contained in paragraph 47 of the Complaint, Defendant states that the Rule 5000 Series (Testing Investigations), which was established in accordance with the Act and approved by the Federal Trade Commission, speaks for itself and denies any allegations that are inconsistent therewith.

48.     In response to the allegations contained in paragraph 48 of the Complaint, Defendant states that the referenced rules, which were established in accordance with the Act and approved by the Federal Trade Commission, speak for themselves and denies any allegations that are inconsistent therewith.

49.     In response to the allegations contained in paragraph 49 of the Complaint, Defendant states that the referenced rules, which were established in accordance with the Act and approved by the Federal Trade Commission, speak for themselves and denies any allegations that are inconsistent therewith.

50.     In response to the allegations contained in paragraph 50 of the Complaint, Defendant states that the referenced rules, which were established in accordance with the Act and approved by the Federal Trade Commission, speak for themselves and denies any allegations that are inconsistent therewith.

51.     In response to the allegations contained in paragraph 51 of the Complaint, Defendant states that the referenced rules, which were established in accordance with the Act and approved by the Federal Trade Commission, speak for themselves and denies any allegations that are inconsistent therewith.

52.     In response to the allegations contained in paragraph 52 of the Complaint, Defendant states that the referenced rules, which were established in accordance with the Act and approved by the Federal Trade Commission, speak for themselves and denies any allegations that are inconsistent therewith.

53.     In response to the allegations contained in paragraph 53 of the Complaint, Defendant states that the referenced rules, which were established in accordance with the Act and

approved by the Federal Trade Commission, speak for themselves and denies any allegations that are inconsistent therewith.

54.     In response to the allegations contained in paragraph 54 of the Complaint, Defendant states that the Act speaks for itself and denies any allegations that are inconsistent therewith. The remaining allegations contained in paragraph 54 of the Complaint are denied.

55.     In response to the allegations contained in paragraph 55 of the Complaint, Defendant states that the referenced rules, which were established in accordance with the Act and approved by the Federal Trade Commission, speak for themselves and denies any allegations that are inconsistent therewith.

56.     In response to the allegations contained in paragraph 56 of the Complaint, Defendant states that the referenced rules, which were established in accordance with the Act and approved by the Federal Trade Commission, speak for themselves and denies any allegations that are inconsistent therewith.

57.     In response to the allegations contained in paragraph 57 of the Complaint, Defendant states that the referenced rules, which were established in accordance with the Act and approved by the Federal Trade Commission, speak for themselves and denies any allegations that are inconsistent therewith.

58.     Defendant denies the allegations contained in paragraph 58 of the Complaint.

59.     In response to the allegations contained in paragraph 59 of the Complaint, Defendant states that the Act speaks for itself and denies any allegations that are inconsistent therewith.

60.    In  response  to  the  allegations  contained  in  paragraph  60  of  the  Complaint, Defendant states that the Act speaks for itself and denies any allegations that are inconsistent therewith.

61.    In  response  to  the  allegations  contained  in  paragraph  61  of  the  Complaint, Defendant states that the Act speaks for itself and denies any allegations that are inconsistent therewith.

62.    Defendant denies the allegations contained in paragraph 62 of the Complaint.

63.    Defendant denies the allegations contained in paragraph 63 of the Complaint.

64.    Defendant admits the allegations contained in paragraph 64 of the Complaint.

65.    Defendant admits the allegations contained in paragraph 65 of the Complaint.

66.    In  response  to  the  allegations  contained  in  paragraph  66  of  the  Complaint, Defendant admits that a blood and urine sample were collected from Fast Kimmie on August 10, 2024.

67.    Defendant admits the allegations contained in paragraph 67 of the Complaint.

68.    In  response  to  the  allegations  contained  in  paragraph  68  of  the  Complaint, Defendant admits that, on September 4, 2024, HIWU served Plaintiff with a combined Equine Anti-Doping Notice letter and Equine Controlled Medication Notice letter informing Plaintiff that the UC Davis Lab reported an Adverse Analytical Finding because it detected Clenbuterol in a sample collected from Fast Kimmie (the "Notice Letter").  Defendant denies all remaining allegations contained in paragraph 68 of the Complaint.

69.    In  response  to  the  allegations  contained  in  paragraph  69  of  the  Complaint, Defendant states that the Notice Letter was HIWU's first communication with Plaintiff regarding the Clenbuterol detected in the sample collected from Fast Kimmie.

70.     In response to the allegations contained in paragraph 70 of the Complaint, Defendant states that the referenced communications speak for themselves and denies any allegations that are inconsistent therewith.

71.     In response to the allegations contained in paragraph 71 of the Complaint, Defendant states that the referenced communications speak for themselves and denies any allegations that are inconsistent therewith.

72.     In response to the allegations contained in paragraph 72 of the Complaint, Defendant states that the referenced communications speak for themselves and denies any allegations that are inconsistent therewith.

73.     In response to the allegations contained in paragraph 73 of the Complaint, Defendant states that the referenced communications speak for themselves and denies any allegations that are inconsistent therewith.

74.     The allegations contained in paragraph 74 of the Complaint constitute legal assertions to which no response is required.  To the extent a response is required, the allegations contained in paragraph 74 of the Complaint are denied.

75.     Defendant admits the allegations contained in paragraph 75 of the Complaint.

76.     In response to the allegations contained in paragraph 76 of the Complaint, Defendant admits that, on October 10, 2024, HIWU served Plaintiff with an Equine Anti-Doping Charge letter (the "Charge Letter").  Defendant further states that the Charge Letter speaks for itself and denies any allegations that are inconsistent therewith.

77.     In response to the allegations contained in paragraph 77 of the Complaint, Defendant admits that, on October 10, 2024, HIWU served Plaintiff with an Equine Anti-Doping

Charge letter (the "Charge Letter").  Defendant further states that the Charge Letter speaks for itself and denies any allegations that are inconsistent therewith.

78.      In response to the allegations contained in paragraph 78 of the Complaint, Defendant admits that, on October 10, 2024, HIWU served Plaintiff with an Equine Anti-Doping Charge letter (the "Charge Letter").  Defendant further states that the Charge Letter speaks for itself and denies any allegations that are inconsistent therewith.

79.      In response to the allegations contained in paragraph 79 of the Complaint, Defendant admits that, on October 10, 2024, HIWU served Plaintiff with an Equine Anti-Doping Charge letter (the "Charge Letter").  Defendant further states that the Charge Letter speaks for itself and denies any allegations that are inconsistent therewith.

80.      In response to the allegations contained in paragraph 80 of the Complaint, Defendant admits that, on October 10, 2024, HIWU served Plaintiff with an Equine Anti-Doping Charge letter (the "Charge Letter").  Defendant further states that the Charge Letter speaks for itself and denies any allegations that are inconsistent therewith.

81.      In response to the allegations contained in paragraph 81 of the Complaint, Defendant states that the referenced communications speak for themselves and denies any allegations that are inconsistent therewith.

82.      In response to the allegations contained in paragraph 82 of the Complaint, Defendant states that the referenced communications speak for themselves and denies any allegations that are inconsistent therewith.

83.      In response to the allegations contained in paragraph 83 of the Complaint, Defendant states that the Charge Letter speaks for itself and denies any allegations that are inconsistent therewith.

84.     In response to the allegations contained in paragraph 84 of the Complaint, Defendant states that HIWU initiated the subject enforcement action against Plaintiff in accordance with the Rule 7000 Series.

85.     The allegations contained in paragraph 85 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations contained in paragraph 85 of the Complaint are denied.

86.     The allegations contained in paragraph 86 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, the Defendant states that the decision rendered in *National Horsemen's Benevolent & Protective Ass'n v. Black,* 107 F.4th 415 (5th Cir. 2024) ("*NHBPA II*"), speaks for itself and denies any allegations in paragraph 86 of the Complaint that are inconsistent therewith.  Defendant further states that the United States Court of Appeals for the Sixth Circuit and the United States Court of Appeals for the Eighth Circuit have rejected facial constitutional challenges to the Act.  *See Oklahoma v. United States,* 62 F.4th 221, 225 (6th Cir. 2023); *Walmsley v. Federal Trade Comm'n,* 117 F.4th 1032 (8th Cir. 2024).

87.     The allegations contained in paragraph 87 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, the Defendant states that the decision rendered in *S.E.C. v. Jarkesy*, 144 S. Ct. 2117 (2024), speaks for itself and denies any allegations in paragraph 87 that are inconsistent therewith.

88.     Defendant denies the allegations contained in paragraph 88 of the Complaint.

89.     Defendant denies the allegations contained in paragraph 89 of the Complaint.

90.     Defendant denies the allegations contained in paragraph 90 of the Complaint.

91.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 91 of the Complaint.  Defendant denies that it caused any harm to Plaintiff.

92.     In response to the allegations contained in paragraph 92 of the Complaint, Defendant states that the referenced page on HIWU's website and article from the Thoroughbred Daily News speak for themselves and denies any allegations in paragraph 92 of the Complaint that are inconsistent therewith.  Defendant denies the remaining allegations contained in paragraph 92 of the Complaint.

93.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 93 of the Complaint, and, therefore, denies same.

94.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 94 of the Complaint, and, therefore, denies same.

95.     Defendant denies the allegations contained in paragraph 95 of the Complaint.

96.     Defendant denies the allegations contained in paragraph 96 of the Complaint.

## CAUSES OF ACTION

### Count I – Violation of the Private Nondelegation Doctrine

97.     In response to the allegations contained in paragraph 97 of the Complaint, Defendant reiterates and incorporates by reference its foregoing responses to the allegations in paragraphs 1-96 of the Complaint.

98.     The allegations contained in paragraph 98 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, the Defendant states that the decision rendered in *NHBPA II* speaks for itself and denies any allegations in paragraph 98 of the Complaint that are inconsistent therewith.  Defendant further states that the

United States Court of Appeals for the Sixth Circuit and the United States Court of Appeals for the Eighth Circuit have rejected facial constitutional challenges to the Act. *See Oklahoma v. United States,* 62 F.4th 221, 225 (6th Cir. 2023); *Walmsley v. Federal Trade Comm'n,* 117 F.4th 1032 (8th Cir. 2024).

99.    The allegations contained in paragraph 99 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, the Defendant states that the decision rendered in *NHBPA II* speaks for itself and denies any allegations in paragraph 99 of the Complaint that are inconsistent therewith. Defendant further states that the United States Court of Appeals for the Sixth Circuit and the United States Court of Appeals for the Eighth Circuit have rejected facial constitutional challenges to the Act.  *See Oklahoma v. United States,* 62 F.4th 221, 225 (6th Cir. 2023); *Walmsley v. Federal Trade Comm'n,* 117 F.4th 1032 (8th Cir. 2024).

100.    The allegations contained in paragraph 100 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, the Defendant states that the decision rendered in *NHBPA II* speaks for itself and denies any allegations in paragraph 100 of the Complaint that are inconsistent therewith. Defendant further states that the United States Court of Appeals for the Sixth Circuit and the United States Court of Appeals for the Eighth Circuit have rejected facial constitutional challenges to the Act.  *See Oklahoma v. United States,* 62 F.4th 221, 225 (6th Cir. 2023); *Walmsley v. Federal Trade Comm'n,* 117 F.4th 1032 (8th Cir. 2024).

101.    The allegations contained in paragraph 101 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, the Defendant states that the decision rendered in *NHBPA II* speaks for itself and denies any allegations in

paragraph 101 of the Complaint that are inconsistent therewith. Defendant further states that the United States Court of Appeals for the Sixth Circuit and the United States Court of Appeals for the Eighth Circuit have rejected facial constitutional challenges to the Act.  *See Oklahoma v. United States,* 62 F.4th 221, 225 (6th Cir. 2023); *Walmsley v. Federal Trade Comm'n,* 117 F.4th 1032 (8th Cir. 2024).

102.   In response to the allegations contained in paragraph 102 of the Complaint, Defendant states that HISA Rule 3229 and the decision rendered in *NHBPA II* speak for themselves and denies any allegations in paragraph 102 of the Complaint that are inconsistent therewith. Defendant denies any remaining allegations contained in paragraph 102 of the Complaint.

103.   Defendant denies the allegations contained in paragraph 103 of the Complaint.

104.   The allegations contained in paragraph 104 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 104 of the Complaint.

105.   Defendant denies the allegations contained in paragraph 105 of the Complaint.

106.   In response to the allegations contained in paragraph 106 of the Complaint, Defendant states that 5 U.S.C. § 706(2)(A)-(B) speaks for itself and denies any allegations in paragraph 106 of the Complaint that are inconsistent therewith.  Defendant denies any remaining allegations contained in paragraph 106 of the Complaint.

107.   In response to the allegations contained in paragraph 107 of the Complaint, Defendant admits that HIWU initiated an enforcement action against Plaintiff in accordance with the ADMC Program, subject to oversight by the Federal Trade Commission.  Defendant denies the remaining allegations contained in paragraph 107 of the Complaint.

108.   Defendant denies the allegations contained in paragraph 108 of the Complaint.

109.    Defendant denies the allegations contained in paragraph 109 of the Complaint.

110.    Defendant denies the allegations contained in paragraph 110 of the Complaint.

111.    Defendant denies the allegations contained in paragraph 111 of the Complaint.

112.    Defendant denies the allegations contained in paragraph 112 of the Complaint.

**<u>Count II – Denial of Jury Trial Right</u>**

113.    In response to the allegations contained in paragraph 113 of the Complaint, Defendant reiterates and incorporates by reference its foregoing responses to the allegations in paragraphs 1-112 of the Complaint.

114.    In response to the allegations contained in paragraph 114 of the Complaint, Defendant states that the Act speaks for itself and denies any allegations contained in paragraph 114 of the Complaint that are inconsistent therewith.

115.    In response to the allegations contained in paragraph 115 of the Complaint, Defendant states that the Act speaks for itself and denies any allegations contained in paragraph 115 of the Complaint that are inconsistent therewith.

116.    In response to the allegations contained in paragraph 116 of the Complaint, Defendant states that the Rule 7000 Series (Arbitration Procedures), which was established in accordance with the Act and approved by the Federal Trade Commission, speaks for itself and denies any allegations that are inconsistent therewith.

117.    In response to the allegations contained in paragraph 117 of the Complaint, Defendant states that the Rule 7000 Series (Arbitration Procedures), which was established in accordance with the Act and approved by the Federal Trade Commission, speaks for itself and denies any allegations that are inconsistent therewith.

118.     In response to the allegations contained in paragraph 118 of the Complaint, Defendant states that the Act speaks for itself and denies any allegations contained in paragraph 118 of the Complaint that are inconsistent therewith.

119.     Defendant denies the allegations contained in paragraph 119 of the Complaint.

120.     The allegations contained in paragraph 120 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, the Defendant states that the referenced court opinions speak for themselves and denies any allegations in paragraph 120 of the Complaint that are inconsistent therewith.

121.     Defendant denies the allegations contained in paragraph 121 of the Complaint.

122.     Defendant denies the allegations contained in paragraph 122 of the Complaint.

123.     Defendant denies the allegations contained in paragraph 123 of the Complaint.

124.     In response to the allegations contained in paragraph 124 of the Complaint, Defendant states that the Act and HISA Rule 3212 and 3223 speaks for themselves and denies any allegations contained in paragraph 124 of the Complaint that are inconsistent therewith.  Defendant denies the remaining allegations contained in paragraph 124 of the Complaint.

125.     Defendant denies the allegations contained in paragraph 125 of the Complaint.

126.     Defendant denies the allegations contained in paragraph 126 of the Complaint.

127.     Defendant denies the allegations contained in paragraph 127 of the Complaint.

128.     Defendant denies the allegations contained in paragraph 128 of the Complaint.

129.     Defendant denies the allegations contained in paragraph 129 of the Complaint.

130.     Defendant denies the allegations contained in paragraph 130 of the Complaint.

131.    In response to the allegations contained in paragraph 131 of the Complaint, Defendant states that the referenced press release speaks for itself and denies any allegations contained in paragraph 131 of the Complaint that are inconsistent therewith.

132.    Defendant denies the allegations contained in paragraph 132 of the Complaint.

133.    Defendant denies the allegations contained in paragraph 133 of the Complaint.

134.    Defendant denies the allegations contained in paragraph 134 of the Complaint.

135.    Defendant denies the allegations contained in paragraph 135 of the Complaint.

136.    Defendant denies the allegations contained in paragraph 136 of the Complaint.

137.    The allegations contained in paragraph 137 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 137 of the Complaint.

138.    Defendant denies the allegations contained in paragraph 138 of the Complaint.

139.    Defendant denies the allegations contained in paragraph 139 of the Complaint.

140.    Defendant denies the allegations contained in paragraph 140 of the Complaint.

141.    Defendant denies the allegations contained in paragraph 141 of the Complaint.

142.    Defendant denies the allegations contained in paragraph 142 of the Complaint.

143.    Defendant denies the allegations contained in paragraph 143 of the Complaint.

144.    In response to the allegations contained in paragraph 144 of the Complaint, Defendant denies that Plaintiff is currently serving a Provisional Suspension.  In response to the remaining allegations contained in paragraph 144 of the Complaint, Defendant states that the Rule 7000 Series speaks for itself and denies any allegations that are inconsistent therewith.

145.    The allegations contained in paragraph 145 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, the Defendant

states that the referenced court opinions speak for themselves and denies any allegations in paragraph 145 of the Complaint that are inconsistent therewith.

146.     Defendant denies the allegations contained in paragraph 146 of the Complaint.

147.     The allegations contained in paragraph 147 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, the Defendant states that the referenced court opinions and federal statute speak for themselves and denies any allegations in paragraph 147 of the Complaint that are inconsistent therewith.

148.     Defendant denies the allegations contained in paragraph 148 of the Complaint.

149.     Defendant denies the allegations contained in paragraph 149 of the Complaint.

Defendant denies any allegation in the Complaint that is not specifically admitted in this Answer.

Defendant denies that the Plaintiff is entitled to any of the relief sought in the 10 subparagraphs within Plaintiff's "Prayer for Relief" section.

## AFFIRMATIVE DEFENSES

1.     The Complaint fails to state a claim against Defendant upon which relief can be granted.

2.     Defendant denies any basis for liability against it herein and denies any wrongful or inappropriate conduct whatsoever on its part.

3.     Defendant's acts and omissions referenced in the Complaint were taken in accordance with the Act and the associated regulations, which have been approved by the Federal Trade Commission.

4.      The rules comprising the ADMC Program were approved by the Federal Trade Commission and the Federal Trade Commission exercises oversight over the Authority's implementation of the ADMC Program in accordance with the Act.

5.      Plaintiff's claims are not ripe for adjudication, or otherwise are not justiciable.

6.      The Defendant specifically reserves the right to assert additional affirmative defenses as the Plaintiff's claims are clarified during the course of this litigation.

WHEREFORE, the Defendant respectfully request the following relief:

1.      That Plaintiff's Complaint be dismissed with prejudice.

2.      That the Defendant be awarded any and all other proper relief for which it may be entitled.

Dated: December 6, 2024

By:     */s/Johnny P. ElHachem*
        Johnny P. ElHachem
        Florida Bar No.: 1015837
        HOLLAND & KNIGHT LLP
        701 Brickell Avenue, Suite 3300
        Miami, Florida 33131
        Phone: (305) 789-7583
        Fax: (305) 789-7799
        And
        Pratik A. Shah (Admitted pro hac vice)
        Lide E. Paterno (Admitted pro hac vice)
        AKIN GUMP STRAUSS HAUER & FELD LLP
        2001 K Street, NW
        Washington, DC 20006
        Tel: (202) 887-4000
        Fax: (202) 887-4288
        And
        John C. Roach (Admitted pro hac vice)
        RANSDELL ROACH & ROYSE, PLLC
        176 Pasadena Drive, Building One
        Lexington, KY 40503
        Tel:  (859) 276-6262
        Fax:  (859) 276-4500
        ***Attorneys for Defendant Horseracing Integrity
        and Safety Authority***

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 6, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using the ECF system, which will send notification of such filing to the attorneys of record.

By:     _/s/Johnny P. ElHachem_
        Johnny P. ElHachem