UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

| | | |
|---|---|---|
| PHILIP SERPE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 0:24-cv-61939-DSL |
| | : | |
| FEDERAL TRADE COMMISSION; AND | : | Hon. Judge David S. Leibowitz |
| HORSERACING INTEGRITY AND | : | |
| SAFETY AUTHORITY, INC., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**PLAINTIFF'S COMBINED RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION TO VACATE THE COURT'S APRIL 11, 2025, ORDER AND
SUPPLEMENTAL BRIEF IN RESPONSE TO THAT ORDER**

Defendants Horseracing integrity and Safety Authority, Inc. ("Authority"), and Federal Trade Commission ("FTC") have—at the proverbial eleventh hour—moved the Court to vacate its April 11, 2025, order directing the parties to brief "whether [the FTC] had waived sovereign immunity (or any immunity) as to the recovery of damages for constitutional injuries suffered by persons subject to enforcement actions under the Horseracing Integrity and Safety Act." (Order, DN 40, 1). Alternatively, Defendants request that the Court extend and continue the deadline for them to submit the supplemental brief that the Court ordered the parties nearly two weeks ago to file tomorrow. Defendants' motion is based solely on a letter sent yesterday at 4:04 p.m. Eastern Time in which the Horseracing Integrity and Safety Unit ("HIWU") notified Serpe that it "will not be seeking a fine to be imposed against him[.]" (Defs.' Joint Not. and Mot. Vacate, DN 41, 1, 4).

That letter gives no substantive reason for HIWU's abrupt change of plans. As this Court likely knows, HIWU has, since its October 10, 2024, charging letter to Serpe, been "seeking imposition" of, among other penalties, "[a] fine of USD $25,000 or 25% of the total purse

(whichever is greater) and payment of some or all of the adjudication costs and HIWU's legal costs (ADMC Program Rule 3223)." (DN 33-1, 21) (emphasis added). HIWU unexpectedly reversed course late yesterday afternoon, but nothing has happened in the arbitration to cause HIWU to do so. For example, the arbitrator did not rule that a fine may not, or will not, be imposed, nor has he signaled to HIWU that it should not seek imposition of a fine. Moreover, Serpe is unaware of any other ADMC Program arbitrations in which HIWU has voluntarily decided not to seek a fine against a charged person, especially for an alleged Banned Substance violation.

In Serpe's view, the most obvious reason for HIWU's unprecedented decision is the recent developments in ***this case*** against Defendants, not anything that has occurred in the arbitration initiated by HIWU. These recent events include (1) the April 10, 2025, oral argument on Serpe's motion for preliminary injunction, (2) the Court's order the next day directing the parties to brief the sovereign immunity waiver issue, and (3) the Court's overall progress toward ruling on Serpe's Seventh Amendment claim.[1] Defendants' late-stage motion should be seen for what it probably is—part of a concerted effort with HIWU to prejudicially moot Serpe's claims during the pendency of this case. Defendants' motion should be swiftly and soundly rejected.

First, HIWU's decision not to seek a fine against Serpe is so blatantly intended to "moot" Serpe's Seventh Amendment claim and preliminary injunction motion[2] that it raises questions about whether the FTC and/or the Authority encouraged or requested HIWU to make that decision, which Serpe does not claim lightly. HIWU could have easily chosen to make this decision when it issued its charging letter. After all, Serpe told HIWU even before he filed his complaint that the

---

[1] The only other possible explanation is Defendants' worry about the ruling last week in *AT&T, Inc. v. Fed. Commc'ns Comm'n*, No. 24-60223, 2025 WL 1135280 (5th Cir. Apr. 17, 2025), in which the Fifth Circuit vacated an FCC forfeiture order because the FCC's in-house adjudication process violated the Seventh Amendment's jury trial guarantee.
[2] *See* Defs.' Joint Not. and Mot. Vacate, 1.

2

HISA Rules' arbitration procedure "does not guarantee [his] right to a trial by jury and therefore violates the Seventh Amendment of the U.S. Constitution." DN 1-2, 2. Yet, HIWU did not find it prudent then and never budged. Similarly, after seeing Serpe's preliminary injunction motion or the Court's initial scheduling order on the Seventh Amendment claim (DN 25), HIWU could have notified Serpe then of its decision not to seek a fine. But HIWU did not. In fact, HIWU doubled down on the penalties sought in its charging letter, including a fine, by initiating the arbitration, requesting appointment of the arbitrator, and even opposing Serpe's motion to stay the arbitration pending the outcome of Serpe's preliminary injunction motion. (*See generally* Plt.'s Mot. Amend. Briefing Schedule, DN 33). It was not until after this Court's comments at the April 10 hearing that HIWU suddenly changed its mind. (*See* Defs.' Joint Not. and Mot. Vacate at 1 (citing hearing transcript)).

Notably, Defendants have not disputed Serpe's allegations that the FTC "lacks control over the Authority's enforcement decisions" through HIWU, which the Authority contracted to enforce the ADMC Program. (*See* Ver. Compl., DN 1 ¶¶ 28-29; Plt.'s Mot. Amend Briefing Schedule, DN 33, 5 n.1). In fact, Defendants' arguments and conduct in this case leave little doubt that Defendants and HIWU *are* working hand in hand to defend against Serpe's claims here. It started with the lifting of Serpe's provisional suspension. Prior to filing his complaint, Serpe had demanded "that HIWU rescind the provisional suspension." (DN 1-2, 2). HIWU declined, taking the position in its charging letter to Serpe that HISA Rule 3247(a)(1) "*required*" imposition of a provisional suspension against him. (DN 1-1, 3). Serpe filed his complaint to dissolve the provisional suspension (among other claims and relief requests) and filed a motion for preliminary injunction. (*See* Ver. Compl. ¶¶ 2-3; Plt.'s Mot. Prelim. Inj., DN 10). Then, less than two weeks after Serpe

3

filed his preliminary injunction motion, the provisional suspension was lifted, magically. But not just for Serpe—for *all* provisional suspensions.

Serpe's complaint and preliminary injunction motion shook something loose. Not coincidentally, the lifting of Serpe's provisional suspension became the key focus of Defendants' opposition to Serpe's preliminary injunction motion—almost as if Defendants *needed* the provisional suspension to be lifted to defeat Serpe's preliminary injunction motion. (*See* Defs.' Opp'n Plf.'s Mot. Prelim. Inj., DN 26, 9, 13-14, 16, 21). And now, the alignment between HIWU's enforcement decisions and Defendants' litigation conduct has continued with HIWU's strange decision not to seek a fine against Serpe and Defendants' eleventh-hour request to vacate the Court's supplemental briefing order. HIWU has again made a decision that is obviously intended to moot Serpe's requests for relief—almost as if Defendants *need* HIWU not to seek a fine to defeat Serpe's Seventh Amendment claim and/or remedy the irreparable harm that Serpe is suffering by having to proceed in the arbitration without "Article III adjudication." *AT&T, Inc.*, 2025 WL 1135280 (5th Cir. Apr. 17, 2025), at *9.

Second, the decision not to seek a fine against Serpe ultimately does not matter. Just as with the lifting of Serpe's provisional suspension, neither the Authority nor HIWU has discretion not to pursue penalties that the HISA Rules require to be imposed. Here, just as a provisional suspension must be imposed, the HISA Rules mandate that the Authority, through HIWU, seek a monetary fine. (*See* Plt.'s Memo. Supp. Mot. Prelim. Inj., DN 10-1, 14-15; Plt.'s Reply Supp. Mot. Prelim. Inj. DN 29, 4, 7-11, 14). The HISA Rules automatically impose a monetary fine upon a liability finding. Only if **Serpe** proves he lacked sufficient knowledge may the arbitrator reduce the mandatory $25,000 fine. HIWU's self-exercised discretion in not seeking a fine is not supported by the HISA Rules and does not mean that the arbitrator cannot or will not impose a fine

4

against Serpe. Therefore, HIWU's decision not to seek a fine cannot moot Serpe's Seventh Amendment claim or preliminary injunction motion, and Defendants' reliance on HIWU's letter as the sole basis for vacating or continuing the Court-ordered supplemental briefing deadline should fail. *See also Nat'l Ass'n of Boards of Pharmacy v. Bd. of Regents of the Univ. Sys. of Georgia*, 633 F.3d 1297, 1310 (11th Cir. 2011) (cessation of misconduct does not moot irreparable harm where "the change in government policy or conduct [does not] appear[] to be the result of substantial deliberation, [and] is simply an attempt to manipulate jurisdiction").[3]

Third, the eleventh-hour timing of Defendants' motion is highly prejudicial to Serpe. As directed by the Court at the April 10 hearing and in the Court's April 11 order, Serpe began preparing a supplemental brief to timely file. He incurred legal expenses for doing so, much like he has incurred significant legal expenses by briefing and prosecuting his Seventh Amendment claim that Defendants argue is now moot. Defendants apparently have forgotten that they opposed Serpe's motion to amend the preliminary injunction motion briefing schedule to include Serpe's private nondelegation claim in part because Serpe filed the motion "[j]ust two weeks before this Court's hearing on [the motion]." (DN 36, 1). Defendants did not hold back in their characterization of Serpe's motion, calling it "sudden," "last-minute," "haphazard," and "belated[]." (*Id.* at 1-2). And yet, here Defendants are now requesting that the Court vacate its supplemental briefing order nearly two weeks after the Court issued the order and ***just one day*** before the parties' supplemental briefs are due.

For the reasons explained above, just as Defendants argued in their opposition to Serpe's motion to amend, none of Defendants' reasons for vacating the Court's supplemental briefing order

---

[3] To the point of *Nat'l Ass'n of Boards of Pharmacy*, perhaps the Court should order jurisdictional discovery into Defendants' prior knowledge about or involvement with HIWU's decision not to seek a fine, including what Defendants knew and when they knew it.

or extending the briefing deadline "warrant[] disrupting this Court's briefing schedule[.]" (*Id.* at 2). Defendants know they are vulnerable, if not likely to fail, on Serpe's Seventh Amendment claim. They appear to be working with HIWU to do everything they can to avoid the Court's ruling. Defendants' motion should be denied.

*   *   *   *

As directed by the Court at the April 10 hearing and in the Court's April 11 order, Serpe began preparing, and was prepared to timely file, a supplemental brief addressing the sovereign immunity waiver issue. He is choosing to submit the brief early so that the Court may consider Serpe's position on the sovereign immunity waiver issue in connection with ruling on Defendants' pending motion.

Serpe anticipates that the FTC will argue that it has sovereign immunity against money damages for Serpe's Seventh Amendment claim. The rationale for the FTC's anticipated argument is that, as a general matter, federal agencies like the FTC are entitled to sovereign immunity. *See Hartje v. F.T.C.*, 106 F.3d 1406, 1408 (8th Cir. 1997) ("[T]he United States and the FTC . . . [enjoy] sovereign immunity."). The FTC cannot waive its sovereign immunity, either formally or informally. *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1105 (D.C. Cir. 2005) ("Sovereign immunity may not be waived by federal agencies."); *Franconia Assocs. v. United States*, 536 U.S. 129, 141 (2002) ("A waiver of the sovereign immunity of the United States 'cannot be implied but must be unequivocally expressed.'" (citation omitted)). Instead, only Congress may waive sovereign immunity, and, even then, only "unmistakabl[y]" in statute. *Dep't of Agric. Rural Dev. Rural Hous. Serv. v. Kirtz*, 601 U.S. 42, 48-50 (2024); *United States v. Dalm*, 494 U.S. 596, 609-10 (1990) ("If any principle is central to our understanding of sovereign immunity, it is that the power to consent to such suits is reserved to Congress.").

But the Horseracing Integrity and Safety Act ("HISA"), which is at issue here, does not expressly waive the FTC's sovereign immunity. *United States v. Idaho ex rel. Dir., Idaho Dep't of Water Res.*, 508 U.S. 1, 6 (1993). HISA neither expressly waives sovereign immunity for damages nor establishes a cause of action for damages. *Kirtz*, 601 U.S. at 48-50 ("To date, this Court has found a clear waiver of sovereign immunity 'in only two situations.' 'The first is when a statute says in so many words that it is stripping immunity from a sovereign entity.' . . . The second situation 'is when a statute creates a cause of action' and explicitly 'authorizes suit against a government on that claim.'" (cleaned up)); *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003) ("A statute creates a right capable of grounding a claim within the waiver of sovereign immunity if, but only if, it can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained." (cleaned up)).

To the Court's apparent interest, the import of the FTC's sovereign immunity is that Serpe has no adequate remedy at law to recover money damages against the FTC for its violation of the Seventh Amendment. This is why Serpe's complaint seeks equitable relief, including vacatur and an injunction under the Administrative Procedure Act ("APA"), 5 U.S.C. § 702, and through the implied equitable cause of action under the Seventh Amendment. *See, e.g.*, *Fed. Defs. of New York, Inc. v. Fed. Bureau of Prisons*, 954 F.3d 118, 133-34 (2d Cir. 2020); *Sierra Club v. Trump*, 929 F.3d 670, 699 (9th Cir. 2019) ("Either way, it cannot be that both an equitable claim and an APA claim foreclose the other, leaving Plaintiffs with no recourse.").

Congress *has*—through the APA—waived the FTC's sovereign immunity for claims seeking equitable relief. *Cypress v. United States*, 646 F. App'x 748, 754–55 (11th Cir. 2016) ("Section 702 of the APA states that '[a] person suffering legal wrong because of agency action' may bring an action against the United States if the person seek 'relief other than money damages.'

The Supreme Court has stated that this statute 'waives the Government's immunity from actions seeking relief "other than money damages."' (citing *Dep't of the Army v. Blue Fox, Inc.,* 525 U.S. 255, 260–61 (1999))). Unfortunately for Serpe, there appears to be no implied cause of action for damages other than a *Bivens* claim, which does not apply against the FTC. *F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994) ("An extension of *Bivens* to agencies of the Federal Government [as opposed to officers] is not supported by the logic of *Bivens* itself."); *Hartje*, 106 F.3d at 1408 ("[T]he FTC are not proper Bivens defendants because of sovereign immunity."). Serpe is unaware of any other statute or implied cause of action that waives the federal government's sovereign immunity for a Seventh Amendment violation claim for money damages.[4]

Because Serpe lacks an adequate remedy at law ever to recover damages against the FTC, he is suffering irreparable harm. *Transcon. Gas Pipe Line Co., LLC v. 6.04 Acres, More or Less, Over Parcel(s) of Land of Approximately 1.21 Acres, More or Less, Situated in Land Lot 1049*, 910 F.3d 1130, 1165 (11th Cir. 2018) ("While economic harm will not satisfy the irreparable-harm element in many cases, that general rule does not necessarily hold where there is no adequate

---

[4] *See, e.g.*, *Jachetta v. United States*, 653 F.3d 898, 908 (9th Cir. 2011) ("We find no evidence in either statute that Congress intended to subject federal agencies to § 1983 and § 1985 liability."); *Hindman v. Healy*, 278 F. App'x 893, 895 (11th Cir. 2008) ("Section 1983 does not apply to federal actors acting under color of federal law."); *Meyer*, 510 U.S. at 478 ("[T]he United States simply has not rendered itself liable under § 1346(b) [of the Federal Tort Claims Act] for constitutional tort claims."); *Harris v. United States*, 118 Fed. Cl. 180, 190 (2014) ("A violation of the Seventh Amendment does not, however, 'explicitly or implicitly obligate[ ] the [F]ederal [G]overnment to pay damages[.]' . . . Therefore, Plaintiff's Seventh Amendment claim must be dismissed." (citation omitted)); *Standifer v. S.E.C.*, 542 F. Supp. 2d 1312, 1317 (N.D. Ga. 2008) ("Even if Plaintiffs had followed the jurisdictional prerequisite for suit under the FTCA, Plaintiffs would not have been able to sue the SEC. The proper party in a suit claiming torts of federal employees is the United States."); *Draughon v. United States*, 103 F. Supp. 3d 1266, 1275 (D. Kan. 2015) ("But agencies of the United States cannot be sued in their own name because plaintiffs only have a remedy against the United States"); *Gary v. F.T.C.,* 526 F. App'x 146, 149 (3d Cir. 2013) ("First, we agree that Gary's claims against the FTC, and Christie and Ruymann in their official capacities, are barred by the doctrine of sovereign immunity, as the United States has not consented to suit in these circumstances.").

remedy at law to recover damages for the harm suffered."); *see, e.g.. D.C. v. U.S. Dep't of Agric.*, 444 F. Supp. 3d 1, 34 (D.D.C. 2020) ("Although as a 'general rule[,] . . . economic harm does not constitute irreparable injury,' economic loss caused by federal agency action is an exception: . . . economic injury caused by federal agency action is unrecoverable because the APA's waiver of sovereign immunity does not extend to damages claims[.]" (citation omitted)). In the absence of injunctive relief against the FTC, Serpe will continue to suffer this harm.[5]

Finally, to the extent that the FTC is not entitled to sovereign immunity, or the Court otherwise determines that Serpe is not suffering irreparable harm, Serpe requests that the Court simply convert his preliminary injunction motion papers into a motion for summary judgment under Fed. R. Civ. P. 56. *Transcon. Gas Pipe Line Co., LLC*, 910 F.3d at 1156 (11th Cir. 2018) ("[W]hether to allow discovery before ruling on a motion for summary judgment is ultimately a matter committed to the discretion of the district court."); *Yates Real Est., Inc. v. Plainfield Zoning Bd. of Adjustment*, 435 F. Supp. 3d 626, 632-33 (D.N.J. 2020) ("A district court may also convert a decision on a preliminary injunction application into a final disposition on the merits by granting summary judgment as long as sufficient notice is provided pursuant to Rule 56 of the Federal Rules of Civil Procedure."). The parties seemingly agree that there is no dispute of material fact and that Serpe's Seventh Amendment claim involves legal issues that the Court may resolve at this time.

---

[5] The Court did not direct the parties to brief whether the Authority is entitled to immunity or has waived any immunity. However, Serpe assumes that the Authority would argue that it too has immunity against claims for money damages. This is because the Authority has compared its "relationship with the [FTC]" to the relationship between the Securities Exchange Commission and FINRA, which, like the Authority, is a "private organization." *See National Horsemen's Benevolent and Protective Association et al.* v. *Black et al.*, Case No. 22-10387 (5th Cir.), Doc. 135 (Appellees' Response Brief), 40. As Judge Walker observed in his concurrence in *Alpine Sec. Corp. v. Fin. Indus. Regul. Auth.*, 121 F.4th 1314 (D.C. Cir. 2024), "FINRA frequently seeks benefits traditionally reserved for the government, such as immunity from suit and compliance with its rules under the force of law." Serpe does not expect the Authority, having likened itself to FINRA, would act differently.

The only facts material to Serpe's entitlement to an Article III jury trial are already in the record, which are the facts that (1) the arbitration is proceeding, (2) the arbitration is scheduled for June 5, and 6, 2025, and (3) neither HISA nor the HISA Rules provide for Article III adjudication. Alternatively, if the Court finds that Serpe's Seventh Amendment claim is not ripe for summary judgment because the arbitration is not concluded, then Serpe respectfully requests that the Court withhold ruling on the motion for summary judgment until the arbitration is concluded, at which time the parties can submit the arbitration record and the Court can rule as a matter of law on summary judgment.

Respectfully submitted,

*/s/* Bradford J. Beilly
Bradford J. Beilly
Bradford J. Beilly, P.A.
1144 S.E. 3rd Avenue
Ft. Lauderdale, FL 33316
Phone: (954) 763-7000
Fax:    (954) 525-0404
Email: brad@beillylaw.com

Nolan M. Jackson (admitted *pro hac vice*)
Frost Brown Todd LLP
20 F Street NW, Suite 850
Washington, DC 20001
Phone: (202) 292-4165
Fax:    (202) 292-4151
Email: njackson@fbtlaw.com

J. Austin Hatfield (admitted *pro hac vice*)
Frost Brown Todd LLP
400 West Market Street, Suite 3200
Louisville, KY 40202
Phone: (502) 589-5400
Fax:    (502) 581-1087
Email: ahatfield@fbtlaw.com

*Counsel for Plaintiff Philip Serpe*

## **CERTIFICATE OF SERVICE**

It is hereby certified that, on April 24, 2025, I caused the foregoing document to be electronically filed with the Court using the ECF system, which will send notification of such filing to all attorneys of record.

| | |
|---|---|
| Johnny P. ElHachem<br>Holland & Knight LLP<br>701 Brickell Ave., Suite 3300<br>Miami, FL 33131<br>Email: johnny.elhachem@hklaw.com | Brett A. Shumate, Acting Assistant Attorney General<br><br>Lesley Farby, Deputy Director, Federal Programs Branch |
| Pratik A. Shah<br>Lide E. Paterno<br>Akin Gump Strauss Hauer & Feld LLP<br>2001 K Street NW<br>Washington, DC 20006<br>Email: pshah@akingump.com<br>Email: lpaterno@akingump.com | Stephen Ehrlich<br>U.S. Department of Justice<br>Civil Division, Federal Programs Branch<br>Peter W. Rodino, Jr. Federal Building<br>970 Broad St., 7th Floor<br>Newark, NJ 07102<br>Email: stephen.ehrlich@usdoj.gov |
| John C. Roach<br>Ransdell Roach & Royse, PLLC<br>176 Pasadena Dr., Building One<br>Lexington, KY 40503<br>Email: john@rrrfirm.com<br><br>*Counsel for Horseracing Integrity and Safety Authority* | Taylor N. Pitz<br>U.S. Department of Justice<br>Civil Division, Federal Programs Branch<br>1100 L St. NW<br>Washington, DC 20005<br>Email: taylor.n.pitz@usdoj.gov<br><br>*Counsel for Federal Trade Commission* |

                                                        */s/ Bradford J. Beilly*
                                                        *Counsel for Plaintiff Philip Serpe*

0158832.0795288   4908-8277-5098v1