**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

Case No. 0:24-cv-61939-LEIBOWITZ

PHILIP SERPE,

      Plaintiff,

v.

FEDERAL TRADE COMMISSION; AND
HORSERACING INTEGRITY AND
SAFETY AUTHORITY, INC.,

      Defendants.

_____/

**DEFENDANT FEDERAL TRADE COMMISSION'S**
**NOTICE OF FURTHER DEVELOPMENT**

The Federal Trade Commission ("FTC") writes to inform the Court of a further development

in Plaintiff's Horseracing Integrity and Safety Act administrative proceedings.

1.    As the FTC previously explained, the Horseracing Integrity and Safety Authority's

("Authority's") enforcement arm, the Horseracing Integrity and Welfare Unit ("HIWU"),

charged Plaintiff with violating HISA Rule 3212. *See* FTC Opp. to Renewed Mot. for Prelim.

Inj. at 2, ECF No. 56 ("FTC Opp."). HIWU did not seek a monetary fine against Plaintiff in

the HISA arbitration proceeding, and although the arbitrator concluded that Plaintiff was

liable for the violation, the arbitrator did not impose a fine. *See* Corrected Final Arbitration

Decision at 8, 15-16, ECF No. 50-4.

2.    Plaintiff subsequently filed an application for review of the arbitrator's decision with the FTC.

*See* Notice of Appeal and Application for Review, *In the Matter of Philip Serpe*, Docket No. 9441

(July 15, 2025), available at https://perma.cc/2ACM-QFYB. Plaintiff and the Authority

briefed the appeal, and again, the Authority did not seek a fine against Plaintiff. *See, e.g.,*

Authority's Response to Appellant's App. for Review, *In the Matter of Philip Serpe*, Docket No. 9441 (July 25, 2025), available at https://perma.cc/V3JL-JBK8.

3. As Plaintiff's Notice of Agency Action indicates, on Friday, September 12, 2025, an FTC administrative law judge ("ALJ") issued an opinion affirming the arbitrator's decision but also imposing a $25,000 fine. *See* Pl.'s Notice of Agency Action at 1, ECF No. 58.

4. For the Court's additional awareness, on Monday, September 16, 2025, the Commission issued an order, attached here as Exhibit A. *See* Ex. A, Order Partially Staying Administrative Law Judge's Decision, Granting Review, and Ordering Briefing Schedule (Sept. 15, 2025). The Commission is exercising its authority to review the ALJ's decision on its own motion, and set a briefing schedule. *Id.* at 2 (citing 15 U.S.C. § 3058(c)(1)). The Commission specifically stayed the $25,000 fine imposed by the ALJ pending the Commission's further review. *Id.*

5. Accordingly, Plaintiff is not facing any imminent, irreparable harm connected to his Seventh Amendment claim. *See* Pl.'s Renewed Mot. for Prelim. Inj. at 1, ECF No. 51 (characterizing "two-year suspension, disgorgement, and public disclosure" as "equitable sanctions"). There is therefore no need or basis for this Court to employ the "extraordinary and drastic remedy" of a preliminary injunction while Plaintiffs' administrative proceedings are ongoing. *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (citation omitted).

Dated: September 16, 2025                    Respectfully submitted,

                                             BRETT A. SHUMATE
                                             Assistant Attorney General
                                             Civil Division

                                             CHRISTOPHER HALL
                                             Assistant Branch Director
                                             Civil Division, Federal Programs Branch

/s/ Taylor Pitz
TAYLOR PITZ
CA Bar No. 332080
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Phone: (202) 305-5200
E-mail: taylor.n.pitz@usdoj.gov

*Counsel for the FTC*

3

**CERTIFICATE OF SERVICE**

I hereby certify that on September 16, 2025, I caused the foregoing document to be electronically filed with the Court using the ECF system, which will send notification of such filing to all attorneys of record.

/s/ Taylor Pitz
TAYLOR PITZ
Trial Attorney
U.S. Department of Justice

4