# EXHIBIT A

**PUBLIC**

**UNITED STATES OF AMERICA**
**FEDERAL TRADE COMMISSION**

**COMMISSIONERS:**     **Andrew N. Ferguson, Chairman**
**Melissa Holyoak**
**Mark R. Meador**

|  |  |
|---|---|
| **In the Matter of:**<br><br>**Philip Serpe,**<br><br>     **Appellant.** | **Matter No. 9441** |

**ORDER PARTIALLY STAYING ADMINISTRATIVE LAW JUDGE'S DECISION, GRANTING REVIEW, AND ORDERING BRIEFING SCHEDULE**

Appellant Philip Serpe is a horse trainer covered by the Horseracing Integrity and Safety Act, 15 U.S.C. ch. 57A ("the Act"). On July 9, 2025, a neutral arbitrator determined that Serpe had violated the Equine Anti-Doping and Controlled Medication Protocol Rule. That Rule was previously proposed by the Horseracing Integrity and Safety Authority ("the Authority") and approved by the Commission in accordance with the Act.[1] The arbitrator concluded that a horse Mr. Serpe trained had tested positive for a banned substance, and: disqualified the results of a race that the horse in question had won; declared Mr. Serpe ineligible to train horses for two years; and ordered public disclosure of the sanction. The Horseracing Integrity & Welfare Unit ("HIWU")—a private body with whom the Authority has contracted to enforce the Authority's anti-doping program—did not seek a monetary penalty against Mr. Serpe, and the arbitrator did not impose one.

Mr. Serpe timely filed a petition for review before an administrative law judge ("ALJ"). *See* 15 U.S.C. § 3058(b)(1). HIWU did not cross-appeal and the Authority confirmed that HIWU had not sought a monetary fine. On September 12, 2025, the ALJ affirmed the arbitrator's sanctions but added a $25,000 fine against Mr. Serpe.

---

[1] *See* Order Approving the Anti-Doping and Medication Control Rule Proposed by the Horseracing Integrity and Safety Authority (Mar. 27, 2023), https://www.ftc.gov/system/files/ftc_gov/pdf/P222100CommissionOrderAntiDopingMedication.pdf; *see also Equine Anti-Doping and Controlled Medication Protocol*, 88 Fed. Reg. 5070, 5091 (Jan. 26, 2023).

1

**PUBLIC**

Mr. Serpe now has 30 days to seek review of the ALJ's decision. The Act provides, however, that "[t]he Commission may, on its own motion, review any decision of an administrative law judge" by providing notice to the parties within 30 days of the ALJ's decision. *See* 15 U.S.C. § 3058(c)(1). The Commission is exercising that option here to *sua sponte* review the ALJ's decision.

### Conclusion

**IT IS HEREBY ORDERED THAT** the $25,000 fine imposed by the ALJ is **STAYED** pending further review by the Commission.

On the Commission's own motion, review of this matter by the Commission is **GRANTED**.

The parties are **ORDERED** to adhere to the following briefing schedule:

Serpe's brief is due October 16, 2025.

The Authority's brief is due on November 17, 2025.

Serpe's reply brief, if any, is due December 5, 2025.

By the Commission.

April J. Tabor
Secretary

SEAL:
ISSUED: September 15, 2025

2